## BUNKER *versus* GILMORE *&* al.

An *assignee* of an unnegotiable note who has commenced a suit thereon, but who subsequently assigned his interest to a third person, not having indorsed the writ, or any proceedings being had to require it of him, is not disqualified from being a witness in such suit.

The party objecting to the competency of a witness is limited to those objections *only*, which were presented at the trial.

If a debtor is summoned as the trustee of his creditor, and before making his disclosure, due notice is given him that the claim had been assigned to a third person before service was made on him, and he neglects to disclose such assignment, his being charged as trustee and payment of the amount in his hands upon execution, will not protect him from again paying the same to the assignee.

The return of the officer, as to the *time* of serving the writ upon the trustee, cannot be contradicted by the *disclosure* of such trustee.

On EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, upon an unnegotiable note dated Oct. 25, 1850, payable to plaintiff in thirty days.

The defence was that the sum claimed had been paid on an execution in favor of one Bissell against plaintiff and defendants as his trustees.

It appeared that defendants were notified before making a disclosure, that the note had been assigned to one Warren Bunker before the trustee process was served — the note being exhibited and indorsed by the plaintiff: — but in the disclosure by one of the defendants, the other being dead, no mention was made of such assignment or any notice of it to the trustee.

In his disclosure one of the defendants stated that the

writ was served on him at an earlier date than appeared by the officer's return thereon.

In the progress of the trial, the plaintiff called Warren Bunker as a witness, who on the *voir dire*, testified that at the time this suit was commenced, he was the plaintiff in interest, the note being assigned to him; but that since. . c had assigned his interest in the suit to one Herrick, w. was then the plaintiff in interest.

It was objected that the witness was interested, and on the plaintiff's counsel depositing $50 with the clerk as security for costs, the witness was allowed to testify. But the defendant's counsel still objected, the only ground being his interest by the provisions of c. 223, of laws of 1846, and no other.

The presiding Judge instructed the jury that if the note in suit had been assigned to Warren Bunker before the service of the trustee process upon defendants, and if they had been notified that such an assignment had been made — and the evidence of it was offered them as stated, in season for them to disclose the fact in their disclosure as trustees, if they did not disclose the fact, the judgment against them as trustees and their payment of the money to Bissell would not shield them and they would be liable in this action.

The defendants also contended that as the disclosure was a part of the evidence, and by that it appeared that the trustee writ was served earlier than was stated by the return, the jury should weigh this with the other evidence to ascertain when the writ was in fact served : — but the Judge ruled that the sheriff's return upon the writ was conclusive and that the jury should be governed by that alone.

The jury found specially that the note was assigned before the service of the trustee writ, and that defendants had notice of it before the disclosure.

A verdict was returned for plaintiff.

*W. Fessenden*, for defendant.

*J. A. Peters*, for plaintiff.

APPLETON, 'J. — This suit was originally commenced by Warren Bunker, who, as assignee of the nominal plaintiff, claimed title to the note in controversy. Since its commencement he has assigned his interest to John J. Herrick, for whose benefit this demand is now prosecuted.

Warren Bunker having thus parted with his interest in the demand, was called as a witness by his assignee. The only objection taken, was, that he was interested in consequence of the provisions of c. 223, being " an Act respecting assignees," approved Aug. 10, 1846. This Act provides, in any action brought in the name of an assignor, that the name and place of residence of the assignee, " if known, shall at any time during the pendency of such suit, *if thereto required by the defendant*, be indorsed upon the back of the writ or process, or further proceedings therein shall be stayed, in case of neglect or refusal so to do, when required as aforesaid." When Bunker was called as a witness, he had ceased to be an assignee. While he was such, and while he was prosecuting the suit for his own benefit, the defendants had taken no measures to compel his indorsement or to fix his liability. But it is not necessary to consider, whether after such assignment the defendants could rightfully have required such indorsement, inasmuch as they have never made such requirement, and if they had, the case finds that an amount satisfactory to the defendants to meet their costs, has been deposited. No interest, therefore, arising under this statute is perceived to exist.

But it is now insisted that the witness was in other respects interested, and that consequently he should have been excluded. The objection, as taken, was specially limited to the interest arising from the provisions of the statute to which reference has been had. The defendants must be bound by that limitation, and cannot now be permitted to set up any other interest as affecting his testimony, even if it existed. The substantial ground of objection to the introduction of evidence must be explicitly stated at the trial, or it will not be heard in bank, if the party could have ob-

viated the objection if properly made. *Jackson* v. *Christman,* 4 Wend. 478. " If counsel," remarks MARCY, J., in *McAllister* v. *Reab,* 4 Wend. 489, " will not discriminate the objection so as to draw the attention of the Court to what is conceived objectionable in the decision made, they are precluded from urging it as a cause for reversing the judgment." Objections in all cases should be so taken as to call the attention of the Court to the points claimed to be erroneous. *Jones* v. *Osgood,* 2 Selden, 235. It is not proper practice, that evidence should be admitted on the trial, subject to objections, without a statement of the specific exceptions at the time. *McConihe* v. *Sawyer,* 12 N. H., 396.

By R. S., c. 119, § 35, " when it appears, by the answer of any person summoned as trustee, that any effects, goods, or credits in his hands *are claimed by a third person in virtue of an assignment from the principal debtor, or in some other way,* the Court may permit such claimant, if he see cause, to appear and become a party to his suit and maintain his right." By § 36, " should such claimant not appear voluntarily, notice may be issued and served on him, in such manner as the Court may direct." When that notice has been given, the assignee may appear and protect his rights as against the plaintiff in the trustee process. These provisions are more general than those of the Act of 1821, c. 61, § 7, of which, to a great extent, they are a reënactment. The object of the statute is apparent. The adjudication upon the validity of the assignment, when contested, is to be made, not upon the disclosure of the trustee, but upon the issue made, and the proof offered upon that issue, between the plaintiff in the trustee suit and the claimant of the demand, or other property, in the hands of the trustee, who, as to that question, are the real parties litigant. If the assignee, being duly notified, shall not appear, then, by § 38, " the assignment shall have no effect to defeat the plaintiff's attachment." It is therefore most manifestly the duty of the trustee to disclose all claims upon the funds in his

hands, of which at the time of his disclosure he may have become apprised. It is no part of his duty to determine whether they are valid or not. If he knows of such claims he should state all facts relating thereto, within his knowledge. *Fiske* v. *Weston*, 5 Greenl. 411. If he neglects or omits so to do, the responsibility of such neglect or omission is upon him.

The assignment of a note not negotiable, may be by indorsement and delivery, or by delivery alone. *Littlefield* v. *Smith*, 17 Maine, 327. The evidence shows the note to have been assigned and in the hands of the assignee on the day it was given. As between the assignor and assignee, the title to the note in suit became vested in the latter.

But it is not enough that there should be an assignment and delivery of the claim assigned. The assignee should give notice of the interest he has thus acquired to the individual, who by the assignment has become his debtor. If he does not, in case such debtor should be summoned as the trustee of the assignor, and be adjudged trustee, such adjudication, and the subsequent payment of the demand, would constitute a perfect bar to any suit by the assignor. If he does, then the debtor being summoned as trustee, if he would discharge his duty to the assignee and avoid all risk, should disclose the information he may have received, in order that the assignee, being notified, may interfere for the protection of his rights.

In this case, the evidence shows that the defendants were notified on the day the note was given, that the note had been assigned. After they had been summoned as trustees, they were informed by the attorney of the then assignee, that the note in controversy was the property of Warren Bunker, and had been assigned to him before the service of the trustee upon them; that he offered to show them the evidence of it; that he showed the note with John Bunker's indorsement thereon, and inquired if they wanted any evidence of the handwriting, and requested them to set out these facts in their disclosure, and to disclose the assignee's claim;

Bunker *v.* Gilmore.

that to this the reply was made, that Bissell, the plaintiff in the trustee suit, would take care of the matter.

The jury have likewise found that the note in suit was assigned before the service of the trustee writ on the defendants and that they had seasonable notice thereof. This action has been pending about five years. The disclosure of the trustees was made at the same term in which this cause was tried, yet the defendants carefully avoided disclosing any of the facts which had been communicated to them, and of which the jury found they had knowledge. Under such circumstances, it is impossible to doubt that there was collusion on the part of the trustees, to enable the plaintiff in the trustee suit to collect this debt, notwithstanding it had been assigned. As the defendants neglected to disclose facts communicated to them by the assignee and his attorney, so that they might have been notified to appear, they are neither legally nor equitably entitled to protection. If the defendants had disclosed all the facts within their knowledge and upon such facts there had been even strong suspicions that the assignment was fraudulent, still, the Court would not have charged them as trustees, if the plaintiff in that suit had not requested the assignees to be summoned, so that its validity might have been tried by a jury. *Johnson* v. *Thayer*, 17 Maine, 401.

The return of the officer, as to the date of the service of the trustee writ, cannot be contradicted by the trustee. It is not necessary, to protect the rights of the assignee, that the debtor should have been informed of the assignment before the service of the trustee writ on him. It is enough that it was in fact made before that time. The jury have found such to be the case here. The defendants, though specially requested, having neglected to make a full disclosure of the facts communicated to them, have no just ground of complaint if they be held liable in this action.

*Exceptions overruled. — Judgment on the verdict.*